UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**ANTWOINE DEVON GRAY,**
   Petitioner,

v.

**STATE OF ALABAMA**, et al.,
   Respondents.

Case No. 5:25-cv-512-CLM-HNJ

## MEMORANDUM OPINION

The magistrate judge has entered a report (doc. 7) recommending that the court dismiss Petitioner Antwoine Devon Gray's successive 28 U.S.C. § 2254 petition for writ of habeas corpus without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). The magistrate judge also recommends that the court deny Gray's motion to show cause (doc. 6). Gray objects to the magistrate judge's report and recommendation (doc. 10).

In his objections, Gray argues that the court should not dismiss his successive petition because "this petition relies on different claims then the first one" and Gray's new claims "could not have been discovered previously through the exercise of due diligence." (*Id.*, p. 2). As Gray correctly notes, one of the two limited exceptions to the requirement that a successive habeas petition be automatically dismissed applies if the petitioner shows:

> (i) the factual predicate for the claim could not have been previously discovered through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b)(2)(B).

But as the magistrate judge explained, even if this limited exception applies to Gray's claims, he must still receive permission from the Eleventh Circuit before he may file a second or successive petition with this court. (*See* Doc. 7, pp. 5–6). And because this court hasn't received an order from the Eleventh Circuit authorizing the court to consider Gray's successive petition, the court lacks jurisdiction to consider Gray's claims. *See* 28 U.S.C. § 2244(b)(3)(A).

Having reviewed the record, including the magistrate judge's report and Gray's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Consistent with that recommendation, under 28 U.S.C. § 2244(b)(3)(A), the court will **DISMISS** Gray's successive habeas petition **WITHOUT PREJUDICE** for lack of jurisdiction. The court will also **DENY** Gray's motion to show cause (doc. 6).

The court will enter a separate final order that carries out this ruling.

**Done** and **Ordered** on November 17, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE